NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1562
_____

UNITED STATES OF AMERICA

v.

KEVIN BROWN,
            Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 2-05-cr-00715-001
District Judge: The Honorable Esther Salas


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 14, 2013

Before: SMITH, CHAGARES, AND BARRY, *Circuit Judges*

(Filed: January 18, 2013)
_____

OPINION
_____

SMITH, *Circuit Judge.*

Kevin Brown pleaded guilty in October of 2005 to distribution and

possession with intent to distribute cocaine base in violation of 21 U.S.C. §

1

841(a)(1) and (b)(1)(B). The District Court sentenced him to a seventy-five month term of imprisonment, followed by a four year period of supervised release. In December of 2011, while on supervised release, Brown assaulted his girlfriend during a domestic dispute and broke the windows of her vehicle. Shortly thereafter, the United States Probation Office filed a report with the Court alleging four violations of supervised release. During a hearing before the District Court on February 15, 2012, Brown pleaded guilty to the single violation based on the assault of his girlfriend, which also mentioned that he had damaged her vehicle. The Court found that Brown knowingly and voluntarily pleaded guilty and accepted his plea.

At that juncture, the proceeding focused on sentencing. Brown's counsel urged the Court to impose a sentence below the advisory guideline range of eight to fourteen months of imprisonment. Brown exercised his right of allocution and tried to explain his actions. The Court acknowledged his explanation, but voiced concerns about his "issues with women" and his need "to learn to control" himself. In applying the various factors set forth in 18 U.S.C. § 3553(a), the Court noted that Brown had "made a face" during an on the record discussion concerning how he broke the windows of the vehicle. The Court acknowledged that Brown had a difficult childhood, but found this personal history did not justify his equally troubling history of violence with women. Brown responded by uttering a

profanity. The Court sentenced him to fourteen months of imprisonment and forty-six months of supervised release.

Brown filed a timely appeal.[1] His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), representing that there were no nonfrivolous issues to present on appeal and asking leave to withdraw as counsel. Counsel explained that based on his review there was no basis for challenging the revocation proceeding because it complied with the requirements of Federal Rule of Criminal Procedure 32.1. The record of the revocation hearing, according to counsel, demonstrated that there was a factual basis for Brown's guilty plea. In light of the Court's finding that Brown knowingly and voluntarily pleaded guilty, counsel asserted there was no ground on which to challenge the validity of the guilty plea. Nor was there any basis, in counsel's view, to question the procedural or substantive reasonableness of the sentence imposed. Counsel pointed out that the guideline range was correctly calculated. Furthermore, the District Court fully considered the § 3553(a) sentencing factors and explained its reasons for imposing the sentence at the top of the guideline range.

We conclude that counsel has adequately fulfilled his obligations under *Anders*. *See United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Our

---

[1] The District Court exercised jurisdiction under 18 U.S.C. §§ 3231 and 3583(e)(3). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

independent review of the record fails to reveal any nonfrivolous issue for appeal.[2]

Accordingly, we will affirm the judgment of the District Court. We grant counsel's request to withdraw. Finally, we certify that the issues presented in the appeal lack legal merit and do not require counsel to file a petition for a writ of certiorari with the United States Supreme Court.

---

[2] We note that, consistent with Third Circuit L.A.R. 109.2(a), counsel served a copy of his *Anders* brief upon Brown. Also, the Clerk's Office notified Brown of his right to file his own *pro se* brief. We have received no such submission from Brown.